THE PEOPLE v. ARANZAMENDI ET AL.

APPEAL from the District Court of Ponce.

No. 35.—Decided October 10, 1905.

APPEAL AUTHENTICITY OF RECORDS OF JUDICIAL PROCEEDINGS—TRANSCRIPT OF RECORD.—In order that the records of judicial proceedings may be duly authenticated, it is necessary that the seal of the court should appear thereon, and the absence of such seal upon the transcript of a record presented on appeal constitutes a fundamental error of procedure which will warrant the dismissal of the appeal according to the provisions of section 358 of the Code of Civil Procedure.

The facts are stated in the opinion.
*Mr. Poventud* for appellants.
*Mr. Rossy, fiscal,* for The People.

OPINION OF THE COURT.

The *fiscal* of this Supreme Court prays that the appeal be dismissed for the reason that the requirements of section 356 have not been complied with.

Upon an appeal being taken it is the duty of the secretary of the district court to forward to this Supreme Court, among

other things, a copy of the notice of appeal, the record, and all bills of exceptions, which copy must be the original, duly certified to as such. (Section 356 of the Code of Criminal Procedure.)

In order that the transcript of a record or other proceeding of a court may be considered authentic, it must have affixed thereto the seal of the court, in accordance with subdivision 3 of section 20 of the Code of Civil Procedure.

These copies lack this requisite, which constitutes a substantial error of procedure as alleged by the respondent in the motion duly argued on the day set for the hearing, inasmuch as it was alleged in general terms that the requirements of said section 356 had not been complied with, and that therefore the provisions of section 358 of said Code of Criminal Procedure were applicable.

The appeal taken is dismissed and it is ordered that a certified copy of this decision be transmitted to the court where it originated, for compliance with the judgment of conviction.

*Affirmed.*

Chief Justice Quiñones and Justices Hernandez, Figueras, MacLeary and Wolf concurred.